UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-CV-30010-MAP |
| ) | |
| 19 HARBORAGE ISLE, ) | |
| FORT LAUDERDALE, FLORIDA, ) | |
| ) | |
| Defendant. ) | |

## LOCAL RULE 56.1 STATEMENT OF CHEVY CHASE BANK, F.S.B.

Pursuant to Local Rule 56.1, claimant Chevy Chase Bank, F.S.B. ("Chevy Chase") submits this statement of material facts as to which there is no genuine issue to be tried.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Chevy Chase Bank, F.S.B. is a federal savings bank and has corporate offices located at 7501 Wisconsin Avenue, Bethesda, Maryland 20814. Affidavit of Daniel Webster ("Webster Aff.") ¶ 3.

2. On or about September 25, 2006, Chevy Chase extended a construction/permanent mortgage loan in the principal amount of $6.6 million (the "Mortgage Loan") to Jason R. Foisy and James R. June (the "Borrowers"). Webster Aff. ¶ 4. The Mortgage Loan is secured by a first lien on real property at 19 Harborage Isle, Fort Lauderdale, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 39772, Page 1067, at the Broward County, Florida Registry of Deeds. Id. This is the "Defendant Realty" described in paragraph 2 of the Verified Complaint in this action. Id.

3. Chevy Chase's Mortgage Loan is evidenced by an Adjustable Rate Note (attached to the Webster Affidavit as Exhibit A), a Mortgage and the riders and amendments thereto (attached to the Webster Affidavit as Exhibit B), and a Construction/Permanent Loan Agreement (attached to the Webster Affidavit as Exhibit C), all dated September 25, 2006, and the amendments and riders thereto (collectively, the "Mortgage Loan Documents"). Webster Aff. ¶ 5.

4. The outstanding unpaid principal balance of the Mortgage Loan is approximately $5.1 million and accrued and unpaid interest and other Loan charges exceed $600,000. The total amount due under the Mortgage as of June 23, 2008 is $5,912,403.66. Webster Aff. ¶ 6.

5. The Loan has been in default since September 2, 2007. Webster Aff. ¶ 7.

6. In making the Mortgage Loan, Chevy Chase relied on the Uniform Residential Loan Applications ("URLAs") and bank statements submitted by June and Foisy. URLAs submitted by June stated that he had approximately $1.34 million on deposit with Peoples Bank located in Holyoke, Massachusetts. June also submitted two bank statements from Peoples Bank for account holder James M. June for the months of March and April, 2006, listing ending balances of approximately $1.33 million and $1.34 million. URLAs submitted by Foisy stated that he had approximately $1.2 million on deposit with Holyoke Credit Union. Foisy also submitted two monthly statements from Holyoke Credit Union for account holder Jason R. Foisy for the periods ending April 15, 2006 and May 15, 2006, listing balances of approximately $1.74 million and $1.75 million. Affidavit of Nancy Hauft ("Hauft Aff.") ¶¶ 2-4.

7. If the URLAs had not represented that June and Foisy had combined cash assets of $2.5 million on deposit, Chevy Chase would not have made the Mortgage Loan. Hauft Aff. ¶ 4.

8. After advancing $5.1 million of Mortgage Loan proceeds, Chevy Chase learned from conversations with Paul Zaiken, an investigator from the Internal Revenue Service, that June and Foisy were under investigation for fraudulent activity, and that the representations they made and the financial documentation they submitted to Chevy Chase in connection with their Mortgage Loan application may have been false. Affidavit of Leah Schmulewitz Getlan ("Getlan Aff.") ¶ 2. On September 25, 2006, when it executed the Mortgage Loan Documents, and thereafter, when it disbursed the $5.1 million of Mortgage Loan proceeds, Chevy Chase did not know these facts. Hauft Aff. ¶ 6. Nor did Chevy Chase know of any of the other facts recited by the Affidavit of Paul Zaiken in this action suggesting misrepresentations or misconduct by June and Foisy. Id.

9. When it made the Mortgage Loan and disbursed Mortgage Loan proceeds, Chevy Chase did not know that the Defendant Realty constituted or was derived from proceeds traceable to wire or bank fraud, or that the Defendant Realty was acquired as a result of illegal money laundering transactions. Hauft Aff. ¶ 7.

10. The government's attorneys have told Chevy Chase that they have no reason to believe that Chevy Chase knew of the Borrowers' alleged fraud and that there is no indication that Chevy Chase had any such knowledge. Affidavit of Bruce Falby ("Falby Aff.") ¶¶ 2-3.

11. Chevy Chase received a subpoena from the government for documents about the Mortgage Loan in June 2007 and produced all requested documents in July 2007. Getlan Aff. ¶ 2. Chevy Chase also responded to all supplemental requests for information from the Internal Revenue Service and made its underwriting manager available for an interview. Id. When the Borrowers defaulted in September 2007, Chevy Chase gave the government substantial time to conduct an investigation regarding Chevy Chase's status as an innocent purchaser. Getlan Aff.

¶¶ 4-10. In March 2008, when Chevy Chase finally sought to initiate a foreclosure action, the government advised Chevy Chase that it would challenge the action. Getlan Aff. ¶ 8. Moreover, Chevy Chase learned that the U.S. Attorney's office had placed a Restraining Order on the Defendant Property restricting its sale or transfer. Getlan Aff. ¶ 9. Although the government promised to forward a settlement proposal at the end of January 2007, Chevy Chase did not receive a proposed settlement agreement from the government until May 27, 2008, the terms of which were unacceptable to Chevy Chase. Getlan Aff. ¶ 7. On June 10, 2008, Chevy Chase sent a revised settlement agreement to the government, but the government has not responded. Falby Aff. ¶ 5.

12. A recent appraisal of the Defendant Property concludes that property values in Fort Lauderdale are declining, including the value of the Defendant Realty. Affidavit of Janet Rentz ¶¶ 3-4 and Exs. A and B.

13. Chevy Chase filed a claim and its answer in this case on May 19, 2008. Docket Nos. 16-17.

These facts establish that Chevy Chase is an innocent owner whose mortgage interest in the Defendant Property is not subject to forfeiture. These facts also establish that Chevy Chase is entitled to an order requiring an interlocutory sale. As an innocent owner with a first mortgage lien on the Defendant Realty, Chevy Chase is entitled to application of the interlocutory sale

proceeds to pay off its Mortgage Loan, including all outstanding principal, accrued interest and costs of collection.

                                    Respectfully submitted,

                                    CHEVY CHASE BANK, F.S.B.
                                    By its attorneys,

                                    /s/ Bruce E. Falby
                                    Bruce E. Falby, BBO #544143
                                    DLA PIPER US LLP
                                    33 Arch Street, 26th Floor
                                    Boston, MA  02110-1447
                                    Telephone: 617.406.6000
                                    Facsimile: 617.406.6100

Dated: June 30, 2008

BOST1\526025.1