UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                  Plaintiff<br><br>          v.<br><br><br>19 HARBORAGE ISLE, FORT<br>LAUDERDALE, FLORIDA,<br>                  Defendant | Civil Action No. 08-30010-KPN |

ORDER FOR INTERLOCUTORY SALE
July 31, 2008

NEIMAN, C.M.J.

     Upon motion and after hearing, the court, having allowed in part the motion of claimant Chevy Chase Bank, F.S.B. ("Chevy Chase") for Summary Judgment, for Interlocutory Sale, and for Application of Sales Proceeds to its First Mortgage Loan, hereby DECLARES and ORDERS as follows:

     1.    For purposes of this civil forfeiture action, the court finds and declares that Chevy Chase is an "innocent owner" of 19 Harborage Isle, Fort Lauderdale, Florida ("Defendant Realty"), within the meaning of 18 U.S.C. § 983(d), and holds a valid first mortgage lien thereon that is not subject to forfeiture.  The Defendant Realty, which includes all buildings, appurtenances, and improvements thereon, is described in more detail in a deed recorded at the Broward County Registry of Deeds at Book 39772, Page 1067.

2. Finding that the value of the Defendant Realty is falling and that the best interests of the Defendant Realty will be served thereby, the court orders its private sale by Chevy Chase, to take place pursuant to Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, 28 U.S.C. § 2001(b) and the terms of this Order.

3. In furtherance of the private sale, the court, within ten days of this Order, will appoint three disinterested persons licensed to conduct appraisals in the state of Florida. The appraisers shall thereafter furnish copies of their appraisal reports to Chevy Chase within thirty days of this Order, whereupon Chevy Chase shall immediately file the reports electronically with the court so as to disseminate them to all claimants.

4. Chevy Chase shall market and sell, via a private sale pursuant to 28 U.S.C. § 2001(b), the Defendant Realty. Chevy Chase may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Defendant Realty at the highest possible price that is also in accordance with the other terms of this Order. Chevy Chase may begin marketing the Defendant Realty immediately, but a sale of the Defendant Realty is subject to the terms of this Order.

5. James June and Jason Foisy shall promptly execute all documents necessary to transfer possession of, and clear title to, the Defendant Realty to Chevy Chase for the purpose of disposing of the Defendant Realty pursuant to this Order. Such steps may include, without limitation, executing and surrendering deeds and any other documents deemed necessary by Chevy Chase to complete the interlocutory sale of the Defendant Property pursuant to this Order.

6. In furtherance of the private sale, the court also:

   (a) designates Chevy Chase to (i) accept, subject to court confirmation, the highest bona fide offer for the Defendant Realty and otherwise in accord with the requirements of 28 U.S.C. § 2001(b); (ii) move for confirmation of the sale; and (iii) publish the terms of the private sale within the South Florida Sun-Sentinel and Miami Herald;

   (b) designates Chevy Chase to consummate the sale of the Defendant Realty upon the entry of the court's confirmation order; and

   (c) authorizes Chevy Chase to recover first from the sales proceeds the following amounts due to it under its first mortgage loan: (i) current total unpaid principal balance ($5,130,724); (ii) interest to August 1, 2008 ($363,881.49) plus additional per diem interest from August 1, 2008 until the date of payment; and (iii) such other fees (including attorneys' fees), charges and interest as may hereafter be approved by the court.

7. The court further orders Chevy Chase to disburse the remainder of the sales proceeds to the United States to be held in an interest-bearing account maintained by the United States until further order of the court.

IT IS SO ORDERED.

DATED: July 31, 2008

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge